400 So.2d 601 (1981)
STATE of Louisiana
v.
Victor CUSHER.
No. 80-K-2518.[*]
Supreme Court of Louisiana.
June 22, 1981.
Walker H. Drake, Jr., Chalmette, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jack Rowley, Dist. Atty., Glenn E. Diaz, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.
In this habeas corpus application, the issue is whether defendant, Victor Cusher, is entitled to have his guilty pleas set aside because the trial judge did not advise him more than six years ago of the right to confront his accusers.[1]
Victor Cusher had three indictments against him: one for armed robbery and two for aggravated rape. The armed robbery charge was dismissed and he pleaded guilty to two reduced charges of attempted aggravated rape. On November 5, 1974, Cusher received a sentence of ten years at hard labor on one charge and twenty consecutive years on the other charge.
Currently, in every Louisiana felony case, the trial judge is required to articulate the three rights prescribed by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
The question is whether, many years later, defendant should be permitted to withdraw his pleas "... and be given another *602 choice between admitting ... guilt and putting the State to its proof." McMann v. Richardson, 397 U.S. 759 at 773, 90 S.Ct. 1441 at 1450, 25 L.Ed.2d 763 at 775 (1970).
If the pleas are set aside and a new trial required, it is probable that the state's case, no matter how strong six years ago, would be impossible of proof. Victims of rape would be unable or unwilling to go through a prosecution after the lapse of six years. Because of the length of time between the pleas and the habeas corpus application, the state is entitled to prove that the pleas by defendant were intelligently and voluntarily made, the fundamental Boykin requirement. McChesney v. Henderson, 482 F.2d 1101 (5 Cir. 1973); Brown v. Jernigan, 622 F.2d 914 (5 Cir. 1980); Wright v. United States, 624 F.2d 557 (5 Cir. 1980); and Pollinzi v. Estelle, 628 F.2d 417 (5th Cir. 1980).[2]
At the habeas corpus hearing, it was stipulated that Cusher had pled guilty as part of a plea bargain with the state. It was also stipulated that he had been represented by attorneys Nils Douglas and Ronald Nabonne.
Cusher first refused to testify at the hearing, claiming his privilege against self-incrimination. The trial court ordered him to the stand. Cusher then testified he had not understood his rights when they were explained by the judge or when he signed a waiver form. He admitted he "copped out" but said he was told to do so by his attorneys (Tr. 25). He explained the meaning of the phrase:
"A. Copped out means, like say you did it.
"Q. Saying you committed the offense?
"A. Yea, that's what I said. * * *" (Tr. 27)
When the pleas were entered, Cusher was sixteen and had completed the seventh grade. Cusher was aware of the meaning of the word rape and understood that the crime could entail the death penalty. He claimed to have seen his lawyers only six times. He first testified that the only rights he knew he had were counsel and trial by jury. In Angola, he learned about self-incrimination and confrontation of witnesses. However, he then admitted that the judge had told him he "could remain silent" (Tr. 36).
The colloquy between the court and Cusher when he entered his pleas was as follows:
"THE COURT: I requested your attorney to advise you of your rightsMr. Nabonneand I'm sure that he has. Is that right?
"MR. CUSHER: Yes.
"THE COURT: You are charged in matter number 28-010 with a crime of aggravated rape, and in matter number 28-011, you are also charged with the crime of aggravated rape. I understand in talking with the District Attorney and your attorney, Mr. Nabonne, that the State is considering attempted aggracated (sic) rape in both of these matters.
"MR. NABONNE: That's correct.
"THE COURT: Now, both of the crimes were committed on the 19th of June, 1973. The mandatory sentence which I must impose in eitherone (sic) if (sic) life imprisonment, upon a plea of guilty, without capital punishment. Upon a plea of attempted aggravated rape the sentence should be imposed is imprisonment at hard labor for not more than 20 years. Now, in your entering a plea, no one can use force or intimidation, coercion, promise, or reward. You understand, if you make these pleas, it will have to be purely voluntary on your part? You understand that?
"MR. CUSHER: (Witness nods head affirmatively).
"THE COURT: You also understand if you desire not to plead guilty that you *603 would have the right to a trial by jury, which jury may even find you guilty as charged or not guilty, or guilty of a lesser crime?
"You have the right to an attorney to represent you, and, if you cannot afford an attorney, the court will be compelled to appoint an attorney for you free of cost. You understand that?
"Mr. CUSHER: (Witness nods head affirmatively.)
"THE COURT: You understand also, if you plead guilty you do not have the right to appeal any defects which may have occurred in your case. I'm not suggesting that there are any defects. But if there are any defects, such as an illegal arrest, an illegal and seizure, an illegal confession, an illegal line-upthe fact that the State will no able to prove the charge when you do plead guilty, you cure any defects that might exist, you understand that?
"MR. CUSHER: Yes, sir.
"THE COURT: By pleading guilty you are talling (sic) the court you have committed the crime of which you are charged and you are the person who did commit such crimes.
"You are ready for sentencing without further delay? You understand that?
"MR. CUSHER: (Witness nods head affirmatively.)" (Tr. 14-17)
One of Cusher's trial attorneys, Ronald Nabonne, signed the following statement:
"I, as an attorney for the defendant, was present during the questioning of defendant with regard to his plea. I have also instructed the defendant of his rights and the consequence of said plea of guilty. I am satisfied that the plea is a voluntary act of the defendant."
Cusher admitted at the post conviction hearing that he also signed a statement, as follows:
"I, as the defendant, have been instructed by the court of the nature of the charge against me and that the act of pleading guilty is a free and voluntary act on my part; that no one can force me to plead guilty; that by pleading guilty I admit that I committed the said crime and am ready for sentencing to the penitentiary. The judge has further instructed me of the consequences of said act of pleading guilty."
The crimes of aggravated rape with which Cusher was charged were committed on June 19, 1973. The grand jury indicted him on July 11, 1973. On September 17, 1973, Cusher was arraigned and pleaded not guilty. His court appointed counsel, Richard Tonry, withdrew and retained counsel, Nils Douglas, appeared with him. There was a pretrial hearing on February 21, 1974. Trial was set for June 4, 1974. On May 10, 1974, Cusher accompanied by co-counsel, Douglas and Nabonne, appeared in court and a motion to recuse the judges was argued and denied by the trial court. Various discovery motions were also considered at that time. On May 29, 1974, Cusher appeared in court with co-counsel Douglas and Nabonne. A third motion to quash and a motion to suppress were filed on his behalf. There was an argument on change of venue. Discovery matters were considered on June 4, 1974. Cusher again appeared in court with both counsel. The trial court denied three motions to quash and an application for change of venue. At this time, all bills of particulars and prayers for oyer were declared satisfied by defense counsel. The trial of Cusher was ordered severed from that of the three other defendants. At this time the three co-defendants were rearraigned and pleaded guilty. On October 28, 1974, Cusher was present in court with counsel Nabonne for pretrial hearing and the court set his rearraignment for November 4, 1974. It was then continued to November 5, 1974, when Cusher entered pleas of guilty to the two charges of attempted aggravated rape.
The trial court, in denying Cusher's application for a writ of habeas corpus, reviewed the multiple pretrial motions that were filed and argued prior to the entry of his guilty pleas and concluded that defendant's rights were meticulously protected throughout the proceedings. The evidence is that Cusher understood the charges against him *604 and knew the meaning of his pleas. There is no allegation that he was coerced into pleading guilty or that he had ineffective counsel. On the contrary, the record indicates that he had zealous counsel and pleaded guilty on their advice. The plea bargain arrangement resulted in a substantially lesser sentence for Cusher than his three co-defendants received. They were all sentenced to life imprisonment. It is significant that Cusher was advised by the trial judge of the maximum penalty which could be imposed on the reduced charges. Cusher's presence at the extensive pretrial hearings should have made him aware of the right of confrontation. In view of the dedication his counsel displayed, it is inconceivable that they did not inform him of this right. The record indicates that Cusher, despite his current avowal of ignorance, must have understood "the connotation and consequences" of his guilty pleas. State v. LaFleur, 391 So.2d 445 (La., 1980).
The trial court correctly determined that Cusher's pleas were intelligently and voluntarily made. The denial of Cusher's application for a writ of habeas corpus is affirmed.
AFFIRMED.
LEMMON and MARCUS, JJ., concur and assign reasons.
BLANCHE, J., concurs and will assign reasons.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
LEMMON, Justice, concurring.
The fundamental requirement of the Boykin decision is that the state, in an attack on the validity of a guilty plea, must prove that the defendant intelligently and voluntarily entered the plea.
If there is a guilty plea colloquy which establishes that the trial judge at the time of the plea fully explained the rights being relinquished, the essential elements of the offense, and the possible and mandatory penalties, then the prosecution need only introduce a record of the colloquy to sustain its burden. If there is no record, or if the record shows that the contemporaneous colloquy was not as complete as the one listed in Louisiana Judges' Benchbook, Criminal Proceedings, Guilty Pleas (La.Judicial College 1980), then the trial court must evaluate all evidence (including the guilty plea record and the evidence introduced at the hearing on the motion attacking the guilty plea) and determine whether the defendant intelligently and voluntarily entered the plea.[1]
In the present case defendant had retained counsel; there were volumes of pretrial motions and hearings; defense counsel secured a plea bargain which resulted in dismissal of one serious charge and reduction of two others; defendant received a far lesser sentence than his three severed co-defendants; and defendant did not attack the plea for more than six years. When these overall circumstances and the evidence establishing the extent of the information furnished to defendant at the time of the plea are weighed against any failure to advise of the right of confrontation, it is evident that the trial judge correctly determined there was no due process violation in defendant's intelligent and voluntary entry of his guilty plea.
MARCUS, Justice (concurring).
In my view, the length of time between a guilty plea and the habeas application to set aside the guilty plea for failure of the trial judge to articulate the three rights prescribed by Boykin is only one of the factors in the determination of whether the guilty *605 plea by defendant was intelligently and voluntarily made. It is the totality of all the facts and circumstances that determines whether the guilty plea was intelligently and voluntarily made. I agree that the trial judge correctly determined that defendant's pleas were intelligently and voluntarily made here. Hence, his application for habeas relief was properly denied. I respectfully concur.
BLANCHE, Justice (concurring).
I concur with the majority opinion for the following reasons.
The majority holds that "Because of the length of time between the pleas and the habeas corpus application, the State is entitled to prove that the pleas by defendant were intelligently and voluntarily made, the fundamental Boykin requirement ...". I agree that the fundamental inquiry in determining the validity of a guilty plea is whether that plea is intelligent, or knowing, and voluntary. I also agree with the majority that when a guilty plea is attacked, the state should be allowed to make a showing that the plea was knowing and voluntary.
However, I disagree with the majority holding that this inquiry and opportunity for proof arises only in situations where there is a great length of time between the pleas and the habeas corpus application. Regardless of the length of time between a guilty plea and an attack on that plea, the test in determining whether a guilty plea is valid is whether that plea is knowingly and voluntarily made. A court should look to the totality of the circumstances surrounding that plea in making this determination. I do not agree with the majority view expressed in footnote 2 that "where, as in State v. Williams, 384 So.2d 779 (La. 1980), a plea is relatively recent [1979] the colloquy with the trial judge must affirmatively establish a waiver of the three constitutional Boykin rights ...". Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require this "three right articulation" as a prerequisite to a valid guilty plea and the application of a "three right articulation rule", once again endorsed by the majority herein, creates injustice and does not in fact result in a true determination of whether a guilty plea was knowing and voluntary.
In 1969 in Boykin v. Alabama, supra, the United States Supreme Court examined a guilty plea to common law robbery, an offense which was punishable by death in Alabama. In that case, defendant pleaded guilty at his arraignment to five indictments for common law robbery three days after counsel was appointed to represent him. According to the Boykin majority, "so far as the record shows, the judge asked no questions of petitioner concerning his plea and petitioner did not address the court." A jury sentenced defendant to death on each of the indictments. The United States Supreme Court reversed that defendant's conviction based upon his guilty plea, endorsing the dissenting justices of the Alabama Supreme Court's view that there was reversible error "`because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty.'"
In the course of its opinion in Boykin, the Court noted that several federal constitutional rights are waived when a defendant pleads guilty in a state trial: First, the privilege against the compulsory self incrimination; second, the right to a trial by jury; and third, the right to confront one's accusers. The court continued, "we cannot presume a waiver of these three important federal rights from a silent record."
This Court has, since Boykin, attempted to delineate what showing the state is required to make in order to prove that a guilty plea in a Louisiana state proceeding has been knowingly and voluntarily entered in compliance with Boykin. In State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), we held that pleas of guilty would be set aside absent a showing that defendant was informed of and expressly and knowingly waived his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers. The Jackson Court reserved the *606 issues of whether the judge himself must examine the defendant and whether a contemporaneous record of the examination must be made. The Court ultimately required that the state produce a contemporaneous record of defendant's guilty plea colloquy with the trial judge affirmatively showing the waiver of the above three rights in instances where a prior conviction based on a guilty plea was used to enhance the penalty under our multiple offender laws, State v. Martin, 379 So.2d 1092 (La. 1980), as interpreted by State v. Williams, 384 So.2d 779 (La. 1980), or where a guilty plea serves as the basis for a prior conviction where that conviction is an essential element of the crime charged. State v. Martin, 382 So.2d 933 (La. 1980); State v. Bolton, 379 So.2d 722 (La. 1980), as interpreted by State v. Williams, supra. The Court held that the same showing would be required in order to withstand a direct attack on a conviction on the basis that the guilty plea was not knowingly and voluntarily made. State v. Williams, supra.
Since the Boykin decision our courts have gradually developed the above outlined hard and fast rule to test the validity of guilty pleas and to serve as a guide to the trial judges in the taking of a guilty plea.[1] The rule was most recently affirmed by the majority herein with regard to "relatively recent" pleas. The mandates of this rule, i. e. that the trial judge himself conduct a colloquy with the defendant, explaining to him that by pleading guilty defendant waives his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers and that the defendant expressly and knowingly waives these rights and that a contemporaneous record of the guilty plea colloquy be made, provide not only a settled guide for trial judges, but a certain standard for reviewing the validity of a guilty plea when that plea is attacked either collaterally or directly. However, the rule we have developed is far from ideal and does not conclusively serve the intended purpose of ascertaining whether a guilty plea is knowing and voluntary.
Although this Court has repeatedly referred to the "three right articulation rule" as an application of the Boykin decision, the Boykin holding does not compel the guilty plea procedure we have developed. As noted above, the defendant in Boykin pleaded guilty to offenses for which he was sentenced to die and "so far as the record shows the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." The United States Supreme Court ruled that "the three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error `because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.'"
The Boykin court did not expressly require a "three right articulation rule" when it held that the record in the case failed to show that defendant's guilty plea was a knowing and voluntary one. The court did, in the course of its opinion, mention the three federal constitutional rights referred to above and then stated, "We cannot presume a waiver of these three important federal rights from a silent record."
In Jackson, supra, this Court held that this Boykin language required that a defendant be informed of, and expressly and knowingly waive, each right. We have interpreted the following language in Boykin *607 to require a contemporaneous record of the colloquy between the trial judge and the defendant to withstand either a direct or collateral attack of a guilty plea: "When the judge discharges that function [making certain that a defendant has a full understanding of what his plea connotes and of its consequence] he leaves a record adequate for any review that may be later sought [citations omitted] and forestalls the spin-off of collateral proceedings that seek to probe murky memories." State v. Williams, 384 So.2d 779 (La. 1980).
Although all of the above quoted language is found within the parameters of the Boykin decision, the listing of the three federal constitutional rights waived by a guilty plea and the benefits of a contemporaneous record of a colloquy between the judge and defendant reflecting a waiver of these rights are phrased more as observations and recommendations rather than serving to set out mandatory "formula" prerequisites for valid guilty pleas. This Court noted in State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972) that "a majority of the state decisions thus far require only that the trial judge canvass the matter with the defendant to verify that the plea is freely and understandingly made." Louisiana's formulistic interpretation of the requirements of Boykin apparently remains a minority view among other states. The majority of other jurisdictions do not vacate guilty pleas for failure of the record of that plea to affirmatively reflect a waiver of the three constitutional rights mentioned in Boykin. J. E. Bond, Plea Bargaining and Guilty Pleas, Clark Boardman Co., Ltd., New York, N.Y., 1978, § 3.08[2] p. 96.2. Significantly, the United States Supreme Court itself has not, since Boykin, clarified its language in Boykin as mandating the "three right articulation rule" which is at this time the law in Louisiana.
In fact, as emphasized in McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court upheld a guilty plea on the basis that it was "voluntary" and "intelligent", citing Boykin. The Brady decision at no point indicated that a three right articulation is required when a guilty plea is entered. In Footnote 4 90 S.Ct. at p. 1468 of Brady, the Court noted that "[t]he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily."
In the McChesney case, the 5th Circuit examined a Louisiana state court guilty plea and held that "there is no requirement that there be express articulation and waiver of the 3 constitutional rights referred to in Boykin by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligent and voluntarily made, with knowledge of its consequences." 482 F.2d at 1110. The Court further held that "... in deciding the voluntariness of McChesney's guilty plea consideration must be given to the record of proceedings not only which transpired when the plea was accepted, but also in the post conviction state evidentiary hearing." 482 F.2d at 1111.
I urge that the key inquiry where the validity of a guilty plea is at issue is whether that plea is knowing and voluntary, and that this is the determination that is constitutionally required. This Court has recently affirmed the fact that the validity of a guilty plea turns upon whether it was a knowing and voluntary plea. State v. Galliano, 396 So.2d 1288 (1981). Although the defendant in that case had been informed of and waived the three constitutional rights mentioned in Boykin, we held that the court had the power "notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent." Galliano, supra, at p. 1290. In Galliano, we affirmed the trial court ruling vacating a guilty plea based upon the finding that it was not voluntary and intelligent and in doing so, looked to a statement by the trial judge (who had accepted defendant's *608 plea) at the hearing on a motion to withdraw the plea, that he had misled defendant when taking the plea. Thus, this case also stands for the proposition that a court may look beyond the transcript of a plea colloquy to determine the voluntariness of a guilty plea.
Requiring an express on-the-record colloquy between the trial judge and the defendant reflecting a waiver of the three constitutional rights mentioned in Boykin does not resolve the issue of voluntariness of a guilty plea as our decision in Galliano illustrates, although it does serve as a workable starting point in that determination. If the three right articulation rule is strictly applied, it effectively blocks a true inquiry into whether a knowing and voluntary guilty plea was tendered where there has been a failure to comply with an element of the rule in instances where, in fact, a defendant's rights have been carefully guarded and protected by the court and his attorney, and he was indeed fully aware of the consequences of his plea and voluntarily entered that plea. It is patently unjust to allow successful attacks on guilty pleas solely because records of the plea were, perhaps, destroyed or the record omits an element of the three right articulation rule.
Despite the defects of the three right articulation rule, it would be counterproductive to discard a rule in which the courts of this jurisdiction have invested so much time and effort. As noted above, the three right articulation rule serves as a settled guideline for a judge in the taking of a guilty plea and provides a formula method for ascertaining that the defendant is aware of certain consequences of his guilty plea prior to entering that plea.
I would utilize the three right articulation rule in the future as a starting point in the determination of whether a guilty plea is knowing and voluntary. In cases where the three right articulation rule as developed by this Court has been complied with, the burden of proof would be on the defendant to show that the guilty plea is invalid. The defendant may show, as in Galliano, with evidence found within the transcript of his guilty plea proceeding or with other pertinent evidence, that his plea was for some reason invalid. In cases where there is a failure of strict compliance with this rule when the guilty plea is attacked, the burden would be on the state to show that the plea was nevertheless valid (i. e. knowing and voluntary). The state could do so with evidence either from the guilty plea proceedings or otherwise to indicate that the plea was, in fact, a knowing and voluntary one.[2]
I agree with the majority that the evidence establishes that this defendant's guilty plea was a knowing and voluntary one.
DENNIS, Justice, dissenting.
I respectfully dissent.
This court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), interpreting Boykin, held a guilty plea would not be considered knowingly made unless the three constitutional rights mentioned in Boykin were explained to the defendant and expressly waived. As to Louisiana guilty pleas entered after the date Jackson became final (December 8, 1971), we have since required "that the record contain on its face direct evidence that the accused was made aware by the trial judge of his right to jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination." State v. Williams, 384 So.2d 779, 781 (La.1980). See State v. Martin, 382 So.2d 933 (La.1980); *609 State v. Bolton, 379 So.2d 722 (La.1979); State v. Holden, 375 So.2d 1372 (La.1979); State v. Lewis, 367 So.2d 1155 (La.1979). Our three-right articulation rule is designed to insure both that a defendant is aware of his constitutional rights and voluntarily and knowingly waives them and that an adequate record is made of these facts to facilitate review on appeal or collateral attack. I continue to believe that application of this rule accomplishes its dual purpose to a much greater extent than the approach taken by the plurality.
Our overburdened judicial system, as well as defendants, would be better served, I respectfully submit, by a clear-cut Boykin requirement, similar to that already used by most of our trial courts. Much needed finality would be promoted without sacrificing the safeguards required by fairness: If trial judges followed the rule and recorded the proceedings, defendants would have little complaint and small chance at setting guilty pleas aside later.[*] On the other hand, in the small number of cases in which the trial court failed to preserve a record of the guilty plea proceedings, the plea should be set aside and the defendant allowed to replead, both to do fairness to the defendant and to relieve the justice system of the time-consuming process of holding trials on whether the unrecorded guilty pleas were taken properly.
The United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) rejected laborious case-by-case determinations of whether pleas not taken in compliance with Federal Rule 11 could nevertheless be considered voluntary. Instead, the high court held that under Federal Rule 11, the trial judge must personally inquire whether the defendant understood the nature of the charge against him, the rule being designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary, and to produce a complete record at the time of the plea of the factors relevant to such voluntariness determination, and that noncompliance with the basic requirements of the rule constituted reversible error, entitling the defendant to plead anew. The underlying reasons for the court's decision, which was made pursuant to its supervisory power over the lower federal courts, are the same as those which should guide us in this case. As the Supreme Court stated:
"* * * Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking." 394 U.S. at 472, 89 S.Ct. at 1174, 22 L.Ed.2d at 428-29.
The plurality concedes that the trial judge did not affirmatively advise the defendant of his confrontation right and the record discloses no express waiver of that right. Because our Boykin rule was not complied with, the defendant should be permitted to plead anew. Not only would such a practice insure that every accused is informed *610 of his rights before pleading guilty, but also it would help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and more difficult to dispose of, when the original record is inadequate.
NOTES
[*] Consolidated for argument with State v. Warren, (Docket No. 80-K-2375) (La., 1981).
[1] The record shows that Cusher was told of his right to trial by jury, and he admitted at his post conviction hearing that the court advised him he had a right to remain silent.
[2] Where, as in State v. Williams, 384 So.2d 779 (La., 1980) a plea is relatively recent [1979], the colloquy with the trial judge must affirmatively establish a waiver of the three constitutional Boykin rights. State v. Martin, 379 So.2d 1092 (La., 1980) applied this rule to a 1974 conviction. However, the opinion is of questionable precedential value because C. J. Summers who concurred originally later filed an opinion which indicates disagreement with the result. 379 So.2d 1094.
[1] Guilty pleas, being convictions, should be afforded a great measure of finality. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). On the other hand, due process requires that a guilty plea not be closed to a subsequent attack on its constitutionality. Courts have attempted to balance the undeniable need for finality of convictions against the defendant's right to challenge a constitutionally invalid guilty plea. By the simple expedient of following rather clearly outlined prophylactic procedures (such as those suggested in the various available forms for guilty plea colloquies), trial judges can accommodate both interests.
[1] The Court did create somewhat of a caveat to this rule in State v. Dunn, 390 So.2d 525 (La. 1980). In that case, we upheld a trial judge's refusal to set aside a guilty plea although the colloquy between the trial judge and the defendant did not include an explanation to defendant of his right against self incrimination. However, we found that the plea was constitutionally sufficient in that there was an affirmative showing in the record of an express and knowing waiver of defendant's privilege against self incrimination since the record included a guilty plea form signed by defendant containing a waiver of this right. The trial court had questioned defendant as to whether his attorney had explained the provisions of the guilty plea form, asked if he had any questions about it and asked if the initials and signature on the form were defendant's. Defendant verified his signature, indicated that his attorney had explained the provisions of the form to him and stated he had no questions about the form.
[2] Some factors the court should look to in determining whether a plea was free and voluntary are: the extent of compliance with the three right articulation rule; generally any attempt made by the trial judge to ascertain whether defendant's plea was free and voluntary; whether defendant was advised as to the nature of the charges against him, the acts sufficient to constitute the offense of which he is accused and the permissible range of sentences. Boykin v. Alabama, supra, footnote 7; the quality of defendant's representation by his counsel where the defendant was represented by counsel, State v. Beatty, 391 So.2d 828 (La. 1980); and whether defendant's rights were explained to him by an attorney or whether defendant knowingly signed a waiver of rights form. State v. Dunn, 390 So.2d 525 (La. 1980).
[*] Of course, if the defendant proves that his guilty plea though taken in compliance with the three right articulation rule was unknowingly or involuntarily entered, he is entitled to relief. However, as the United States Supreme Court stated in Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136, 147 (1977):

"[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."