379 So.2d 722 (1979)
STATE of Louisiana, Relator,
v.
Charles F. BOLTON, Respondent.
No. 64937.
Supreme Court of Louisiana.
November 12, 1979.
Clyde D. Merritt, Asst. Director, New Orleans, Calvin Johnson, Orleans Indigent Defender Program, for respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Richard J. Petre, Jr., Asst. Dist. Atty., Career Criminal Bureau, for relator.
PER CURIAM.[*]
The issue before us concerns the state's burden of proof as to the voluntariness of an admitted plea of guilty in 1966. This prior conviction is an essential element in proof of the crime charged that the defendant, as a convicted felon, was in possession of a firearm. La.R.S. 14:95.1. The state has the burden of proving the prior conviction of a felony and that the accused's firearm violation occurred within ten years of his completion of his sentence. State v. Williams, 366 So.2d 1369 (La.1978).
The issue before us was presented by a motion to quash the indictment. The motion was based upon the state's admission that the present prior conviction can be proved only by a minute entry to the following effect: that in the Orleans Parish Criminal District Court on October 26, 1966 the defendant, attended by his named counsel, withdrew his plea of guilty, pleaded guilty to a felony drug offense, and was sentenced to five years at hard labor.
*723 By his motion to quash,[1] the defendant urges that the 1966 conviction cannot constitute a valid basis for proof of the prior conviction, an essential element. The defendant argues that a prior guilty plea cannot be proved to be valid and cannot be used to enhance punishment unless it is supported by a contemporaneous record of an examination by the trial court, which must affirmatively show its free and voluntary nature and contain an articulated and knowing waiver of certain constitutional rights to a trial of innocence or guilt.
The trial court sustained the motion to quash, accepting the defense argument that State v. Lewis, 367 So.2d 1155 (La.1979), mandated this result as required by the federal constitution. We granted certiorari to review this ruling, 373 So.2d 533 (La. 1979).
Subsequent to the district court's decision, we explained and somewhat modified Lewis. State v. Holden, 375 So.2d 1372 (La.1979). In so doing, we in part relied upon a post-Lewis decision of the United States Supreme Court.
In Holden we held that, when the state intends to use a plea of guilty as a prior conviction in order to enhance punishment under La.R.S. 15:529.1:
(1) If taken before the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the plea is valid, if voluntary and with counsel, without any need for articulated waiver of the constitutional rights subsequently required by Boykin to be articulated and expressly waived in order that a plea be considered to be knowing and made with a full understanding of its consequences.
(2) As to non-Louisiana and federal pleas of guilty:
The state may prove the conviction and its date by a certified copy of a minute entry (or an equivalent contemporaneously recorded or executed document) showing the plea and that the accused was represented by counsel. (The state must, of course, prove that the defendant in the plea and the present accused are the same person.)
The defendant has the burden of proving that the plea was involuntary or that (if taken subsequent to Boykin) he did not waive Boykin rights; he may do so in the enhancement proceedings only by the colloquy at the time of the plea of guilty, which must affirmatively show substantial defect in this regard. For any other collateral attack upon the prior plea, the defendant is relegated to any remedy he has in the court which took his plea.
(3) As to Louisiana state court pleas of guilty:
(a) The same rule as in (2) applies as to pleas taken on or before December 8, 1971, the date of finality of State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), a decision which mandated the socalled "Boykin" requirements for state pleas of guilty.
(b) However, for pleas of guilty taken after December 8, 1971, in order to use the prior plea of guilty to enhance punishment in a subsequent proceeding, the state must, if objection is made to its voluntariness or to its being a knowing plea (due, e. g., to the absence of waiver of the Boykin rights), affirmatively show through (only) a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences. State v. Lewis, 367 So.2d 1155 (La.1979); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
It is true that Holden concerned only the proof of prior pleas of guilty in enhancement *724 of sentence proceedings under La.R.S. 15:529.1. However, for the reasons therein set forth, the same principles apply when the state intends to prove a prior plea of guilty as an essential element of the crime, as in the present prosecution under La.R.S. 14:95.1.
Thus, in the present instance, the state may, as proof of the prior conviction itself, rely upon the minute entry showing a counseled plea of guilty to a felony in 1966 in a Louisiana state court, without further affirmative showing of its voluntariness or of a waiver of Boykin rights. See (1) and (3)(a) above.
Accordingly, we reverse the ruling sustaining the motion to quash the indictment, and we remand this case to the district court for further proceedings in accordance with law.
REVERSED AND REMANDED.
SUMMERS, C. J., concurs.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, is sitting by assignment as Associate Justice Ad Hoc in place of TATE, J., upon this case.
[1] The trial court had some reservations that the motion to quash was the proper procedural vehicle by which to raise the issue. At the urging of both the state and the defendant, it decided the issue on the merits, especially since arguably the issue of whether a crime was charged could have been raised by the motion, La.C.Cr.P. art. 532(1), if the state had furnished the information concerning the prior indictment by a bill of particulars instead of by stipulation, and since arguably the trial court could have taken judicial notice of the minute entry of the prior conviction in its own court, La.R.S. 15:422(7).