412 So.2d 1323 (1982)
STATE of Louisiana
v.
Joseph HAYES, Jr.
No. 81-KA-0825.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
*1324 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Harold J. Gilbert, John H. Craft, Asst. Dist. Attys., for plaintiff-appellee.
Clyde Merritt, New Orleans, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Joseph Hayes, Jr., was charged in separate bills of information with possession of heroin, LSA-R.S. 40:966, and possession of a firearm following a previous felony conviction, LSA-R.S. 14:95.1. He pleaded guilty to both charges and received concurrent hard labor sentences of four years for heroin possession and three years for the firearm offense. Subsequently, he was declared a fourth felony multiple offender.[1] The trial court imposed the minimum sentence, twenty years at hard labor without benefit of probation, parole or suspension of sentence. LSA-R.S. 15:529.1.[2] Defendant has appealed from his adjudication and sentencing as a fourth offender, filing four assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant alleges the trial courts in Orleans Parish failed to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) in accepting his 1961 plea of guilty to theft and his 1964 plea of guilty to armed robbery. Thus, it is argued that those pleas were not proven to have been knowing and voluntary.
State v. Bolton, 379 So.2d 722 (La.1979) stated that counseled pleas before the decision in Boykin v. Alabama, supra, are presumed valid without the express waiver of *1325 constitutional rights subsequently required by Boykin. Although he had counsel, defendant argues that the state must affirmatively establish the voluntariness of the plea with additional evidence. Bolton allowed the state to rely solely upon an uncontroverted minute entry showing a counseled pre-Boykin plea of guilty to a felony in a Louisiana state court as proof of a valid prior conviction. 379 So.2d at 724.[3] Since uncontroverted minute entries show that this defendant was represented by counsel when he entered the 1961 and 1964 guilty pleas, the state satisfied the burden imposed on the prosecution by State v. Bolton, supra, and presented prima facie proof of the two pre-Boykin convictions.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the 1972 aggravated battery conviction is invalid because he was not adequately informed of his right against self-incrimination.
The transcript of the 1972 proceeding in which Hayes entered a plea of guilty to aggravated battery shows that the trial judge referred to defendant's right against self-incrimination in the following terms:
"Q. You have the right to remain silent, if you choose; do you understand that right?"
Immediately preceding this question, defendant had been informed of his right to a jury trial and his right to confront the witnesses against him. The bill had been amended from first degree murder to aggravated battery. Accompanied by counsel, defendant pleaded guilty to the latter, apparently as a result of a plea bargain. There was meager but adequate compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
There is no merit to this assignment.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant pleads double jeopardy due to the prosecution's use of his 1972 aggravated battery conviction as both an element of his felon-firearm conviction and as a predicate for his multiple offender adjudication.
The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall "be subject for the same offenses to be twice put in jeopardy of life or limb." Art. 1, § 15 of 1974 Louisiana Constitution contains a similar guarantee. Separate statutory crimes need not be identicaleither in constituent elements or in actual proofin order to be the same within the constitutional prohibition. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); 1 J. Bishop, New Criminal Law, § 1051 (8th Ed. 1892); Comment, Twice in Jeopardy, 75 Yale L.J. 262, 268-269 (1965).
Designed to embody the protection afforded by the common-law,[4] the double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free to define crimes and fix punishments. Once the legislature has acted, a court may not impose more than one punishment for the same offense and the prosecution ordinarily may not attempt to secure that punishment in more than one trial. Brown v. Ohio, 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 193-194. State v. Doughty, 379 So.2d 1088, 1090 (La., 1980).
Under these precepts, defendant has not been twice put in jeopardy of life or limb for the same offense. He has been punished once for aggravated battery, once as a felon with a firearm, and once for heroin possession. The habitual offender statute does not create new or separate *1326 offense based on the commission of more than one felony but merely provides for imposition of an increased sentence for persons convicted of second and subsequent felonies. State v. Sanders, 337 So.2d 1131 (La., 1976). Although the aggravated battery conviction was used in the multiple offender adjudication to decide the defendant's status, the punishment he received was for heroin possession only. Similarly, the legislature has imposed an increased penalty on the possessor of a weapon who has the status of a convicted felon. Although the aggravated battery was used to determine the defendant's status as a felon, he was not punished again for aggravated battery but for possession of a firearm after being convicted of a felony.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant contends the trial judge erred in adjudicating him as a fourth felony offender without a hearing or guilty plea. A defendant is entitled to a hearing in a multiple offender proceeding. LSA-R.S. 15:529.1(D). State v. McCallister, 366 So.2d 1340 (La., 1978). In the present case, the three predicate guilty pleas were challenged by counsel through motions to quash. At the hearings on these motions, counsel was permitted to present testimony and argument, and had the opportunity to offer other evidence. Further hearing or opportunity to present evidence was not requested. Counsel submitted the case, reserving the right to appellate contest of the judge's rulings on the motions to quash. Defendant was afforded his "right to be tried as to the truth" of the allegations of the information accusing him of previous convictions. See LSA-R.S. 15:529.1(D).
This assignment lacks merit.

DECREE
For the foregoing reasons, the conviction and sentence of defendant, Joseph Hayes, Jr., are affirmed.
AFFIRMED.
KLIEBERT, J. ad hoc, concurs in the result.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
I agree that the effort to comply with Boykin v. Alabama was meager. It was, in fact, deficient.
In State v. Martin, 382 So.2d 933 (La. 1980), this court held that a plea based on a colloquy similar to that in question was not shown to have been intelligent and voluntary and could not be used as a predicate for a subsequent charge. The information conveyed by such a presentation of an accused's right against self-incrimination is insufficient because it fails to inform the defendant of his right to stand trial without being forced to testify against himself; because the choice to stand trial is the crux of the decision to plead guilty; because an accused cannot make this choice intelligently if he is unaware of the rights he may exercise at trial; and because the record does not show in any way that defendant intends to waive his right not to testify against himself at trial. Id. 936. The cases of State v. Bowick, 403 So.2d 673, (La.1981); State v. Cusher, 400 So.2d 601 (La.1981), and State v. Warren, 402 So.2d 662 (La. 1981) are all distinguishable from the present case for similar reasons.
Unlike the present case, the record of the predicate pleas in those cases was not completely silent as to the defendant's knowledge and voluntary waiver of his right to stand trial without being forced to testify against himself and his right to confront the witnesses against him. In those cases there was a written waiver form, previous court appearances, and attorneys' written certification of advisement of rights, and other matters of record from which a majority of this court could reasonably infer that the accused had made a knowing and intelligent waiver of his constitutional *1327 rights in pleading guilty. In the present case there is no evidence of record whatsoever to support an inference that the defendant knowingly and intelligently waived his right not to testify against himself.
CALOGERO, Justice, dissenting.
I dissent from the majority opinion being of the view that this case is indistinguishable from State v. Martin, 382 So.2d 933 (La.1980) in which this Court held that a guilty plea based on a colloquy similar to the one in this case was not shown to have been intelligently and voluntarily entered.
Therefore, for this reason, as well as the reasons assigned in dissent by Justice Dennis, I dissent from the majority opinion.
NOTES
[*] Judge Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, and Thomas J. Kliebert and Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Dennis, and Watson.
[1] The four predicate felonies charged by the state are:

(1) June 12, 1961, guilty plea to theft in violation of LSA-R.S. 14:67;
(2) January 14, 1964, guilty plea to armed robbery in violation of LSA-R.S. 14:64;
(3) September 21, 1972, guilty plea to aggravated battery in violation of LSA-R.S. 14:34;
(4) May 7, 1980, guilty plea to possession of heroin in violation of LSA-R.S. 40:966.
[2] Following denial of the motions to quash on June 24, 1980, defendant's application for writs was denied by this court on grounds that alleged defects in the multiple bill proceedings are prematurely raised prior to sentencing on the multiple bill. After denial of his writ application, the trial court sentenced defendant.
[3] Defendant has the burden of proving that the plea was involuntary and may do so in the enhancement proceedings only by the colloquy at the time of the plea of guilty, which must affirmatively show a substantial defect in this regard. Bolton, supra, at 723.
[4] United States v. Wilson, 420 U.S. 332, 339-340, 95 S.Ct. 1013, 1020-1021, 43 L.Ed.2d 232, 239-241 (1975).