458 So.2d 501 (1984)
STATE of Louisiana
v.
Kenneth JAMES.
No. K 2149.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1984.
*502 Harry F. Connick, Dist. Atty., Nancy Sharpe, Asst. Dist. Atty., New Orleans, for the State.
Jeffrey Smith, New Orleans, for defendant.
Before REDMANN, C.J., WILLIAMS, J., and L. JULIAN SAMUEL, J. pro tem.
REDMANN, Chief Judge.
We granted certiorari to review a ruling holding defendant not punishable as a second offender because the record of his earlier guilty plea lacked a sufficient showing that he was advised of his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969), and State v. Bolton, 379 So.2d 722, 723 (La.1979). We now reverse.
Having noted his view that the colloquy between the first judge and defendant at the time of the earlier plea was not by itself sufficient, the trial judge expressed his "own personal feeling that the plea form ... sets forth all of the requirements of Boykinization .... It is my personal feeling that this form ... is sufficient for a Boykinization, but the Louisiana Supreme Court has ruled that unless the Judge personally in a colloquy between the Court and the defendant sets forth those certain rights, that the Boykin is not proper. I respectfully disagree with the Supreme Court, but I am mandated to follow the Supreme Court."
Apparently the trial judge referred to State v. Bolton, 379 So.2d 722 (La.1979), which at 723 declared that, as to pleas at the date of ours, the state must "affirmatively show through (only) a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences." (Parenthetical "only" in original.) The trial judge apparently reads that language to require a Boykinizing judge's own words during the colloquy to be letter-perfect, without any reference to the plea form. We do not, so long as the affirmative showing required by Bolton is present. We conclude it is present in the colloquy, here partially reproduced with added emphasis:
Q. Do you swear that you have been advised of your Constitutional rights, that you have a right to trial by jury and if convicted, a right to appeal? A. Yes. Q. And that by pleading guilty to simple robbery you are waiving your right to trial by jury and appeal, and this is what you wish to do? A. Yes. Q. You are stating, under oath, that you are pleading guilty in this case because you are guilty of this crime, is that correct? A. Yes. Q. I have a plea of guilty form and waiver of constitutional rights and ask you, under oath, whether [defense counsel] Mr. McCurdy has explained this form to you, what this form is, has he explained it to you? A. Yes. Q. Are there any questions about it? A. No. Q. Has anybody forced you, or threatened you in any way to get you to sign this form or plead guilty in this case? A. No. BY THE COURT: The court orders the plea of guilty form into the record bearing the *503 signature of the defendant, Mr. McCurdy, the attorney of record, my signature and today's date .... Q. Do you understand that by entering a plea of guilty you are waiving your right to trial, remain silent, testify in your behalf, call witnesses on your behalf and cross examine them against you? A. Yes. Q. Furthermore, the crime you are pleading guilty to is a felony and should you ever be guilty of a felony again this could be used to charge you as a multiple offender. Do you understand that? A. Yes."
The form to which the judge referred, signed by defendant, his attorney and the judge, is titled "WAIVER OF CONSTITUTIONAL RIGHTS" and "PLEA OF GUILTY." It is initialed by defendant at the end of each sentence, and includes:
"I understand that I have a right to trial and if convicted a right to appeal and by entering a plea of guilty in this case I am waiving my rights to trial and appeal.... I understand that by pleading guilty I am waiving my rights to confront and cross-examine the witnesses who accuse me of the crime charged, to compulsory process of the court to require witnesses to appear and testify for me, the privilege against self-incrimination or having to take the stand myself and testify .... I further understand that I am waiving my privilege against self incrimination and by pleading guilty I am in fact incriminating myself. I understand that if I elected to have a trial I have a right to have competent counsel to represent me at trial, and if I were unable to pay for counsel the Court would appoint competent counsel to represent me, but by entering the plea of guilty I am waiving these rights."
It may be too technical a reading of the first judge's colloquy to deem it inadequate to inform the defendant of the three rights specified by Boykin. Moreover, his oral recital of the rights, if arguably deficient, is strengthened by his discussion with defendant of the waiver form, his seeking assurance that defendant's counsel had explained the form. And the form itself, then signed by defendant and his counsel and the judge, is not suggested to be deficient in its wording (although the form, if relied on without some colloquy, would apparently not satisfy Bolton.)
We hold that the quoted colloquy satisfies the requirements of Boykin and Bolton in establishing that defendant's earlier plea of guilty was an informed and voluntary one, made with an awareness of its consequences.
The ruling of the trial court is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.