GARRISON, Judge.
The defendant, John Hannah, was charged by bill of information with simple burglary of a business, a violation of LSA-R.S. 14:62. He originally pled not guilty but later changed his plea to guilty and was sentenced to six months in Orleans Parish Prison. Subsequently, the State filed a multiple bill of information against the defendant. The defendant was then allowed to withdraw his earlier guilty plea. Following a trial, the jury found the defendant guilty as charged. After a multiple bill hearing, the defendant was found to be a quadruple offender and was sentenced to twenty-four years at hard labor. Defendant now appeals his conviction and sentence.
On June 23, 1986, at approximately 1:15 a.m., Officer Denise Gaudet of the New Orleans Police Department received a call about a burglary at the Father and Son Shoe Store at 1004 Canal Street in New Orleans. Roderick Martin, a security guard at nearby McCrory’s department store, had notified police moments earlier that he had heard a loud noise outside and saw a man breaking the display window at Father and Son Shoe Store and reaching into the window opening. Because the area was well lighted, Mr. Martin was able to give the police a detailed description of the burglar. Shortly thereafter, Officer Gaudet spotted a man carrying a bag who fit this description and who was entering a cab with another man. After verifying that the man with the bag matched the radioed description of the shoe store burglar, Officer Gaudet stopped the cab and ordered the two men out for security reasons. The bag carried by the man into the *627 cab was left on the floor of the cab. Officer Gaudet retrieved the bag which had blood stains on it and contained four new pair of shoes with shoe trees bearing the logo of the Father and Son Shoe Store. The two men were then transferred to the scene of the burglary where Martin identified the defendant as the perpetrator of the burglary. At that time, the defendant was arrested and the other man was released.
In his first assignment of error, the defendant argues that the trial court erred in denying his motion to suppress the evidence. Specifically, he argues that it was error for the trial judge to find that this motion was moot without first conducting a hearing.
The trial judge denied defendant’s motion to suppress as moot when defendant changed his plea to guilty. After defendant withdrew his guilty plea and entered a plea of not guilty, he did not reurge his motion to suppress. Furthermore, when the evidence defendant sought to suppress was introduced at trial, no objection was made. Therefore, any objection to the introduction of this evidence was waived. LSA-C.Cr.P. art. 841. This assignment of error is without merit.
In the next assignment of error, the defendant alleges that the trial court erred in finding the defendant to be a quadruple offender. The defendant concedes that two of his prior convictions were sufficiently proven but argues that his third alleged prior conviction was not sufficiently proven because the affidavit introduced to prove that conviction did not name the court in which defendant was convicted. Furthermore, the defendant argues that the certified records offered did not contain a copy of the bill of information for that offense and that there is no showing that the defendant knowingly and voluntarily waived his privilege against self-incrimination and right to remain silent at trial prior to the entry of his guilty plea on that charge.
Because this third prior conviction resulting from a guilty plea occurred in Texas, the rule of State v. Bolton, 379 So.2d 722 (La.1979), reiterating the holding in State v. Holden, 375 So.2d 1372 (La.1979), applies:
“In Holden we held that, when the state intends to use a plea of guilty as a prior conviction in order to enhance punishment under La.R.S. 15:529.1:
“(1) If taken before the decision in Boy-kin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 [sic] 23 L.Ed.2d 274 (1969), the plea is valid, if voluntary and with counsel, without any need for articulated waiver of the constitutional rights subsequently required by Boykin to be articulated and expressly waived in order that a plea be considered to be knowing and made with' a full understanding of its consequences. “(2) As to non-Louisiana and federal pleas of guilty:
“The state may prove the conviction and its date by a certified copy of a minute entry (or an equivalent contemporaneously recorded or executed document) showing the plea and that the accused was represented by counsel. (The state must, of course, prove that the defendant in the plea and the present accused are the same person.)
“The defendant has the burden of proving that the plea was involuntary or that (if taken subsequent to Boykin) he did not waive Boykin rights; he may do so in the enhancement proceedings only by the colloquy at the time of the plea of guilty, which must affirmatively show substantial defect in this regard. For any other collateral attack upon the prior plea, the defendant is relegated to any remedy he has in the court which took his plea. Bolton, at 723.”
Therefore, because the State introduced a certified copy of a judgment which reflected defendant’s guilty plea and his representation by counsel, the State satisfied its burden of proof for this out-of-state guilty plea. Thus, this assignment of error is without merit.
For these reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.