BARRY, Judge.
The defendant was convicted of attempted simple burglary, La.R.S. 14:62, 14:27, and sentenced as a multiple offender to twelve years at hard labor.
Mary Kalil testified that on January 19, 1986 around 11:45 p.m. she was in bed when she heard a loud noise in the backyard. It sounded like a bang, “like something ... hitting something else.” She went to the window and saw a man by the storage shed. The door of the shed faced the back of the house and a flood light lit up the backyard.
She identified the defendant as the man at the door who was inserting a large metal object into a plastic garbage bag. She said the noise of the lock hitting the door after it had been broken awoke her. Mary dialed 911, got no answer, and then awoke her father in the next room. He got his gun, turned on the lights and loudly made his way to the back of the house. Her mother called the police and Mary gave them a description of the perpetrator.
George Kalil testified Mary awoke him, he got his gun and went to the back of the house. He said the shed had been locked, but the lock had been cut that night. Nothing was taken.
Officer Louis Dabdoub said he and his partner responded to a burglary call around 11:55 p.m. They spotted a man fitting the defendant’s description who was walking down an alley by a nearby house. The suspect darted across the street when he saw the police and was apprehended.
The police confiscated the defendant’s brown plastic bag which contained a pair of heavy duty bolt cutters. The officers brought the defendant back to the Kalil house and Mary identified him. The police inspected the tool shed and found a sheared combination lock on the door. Officer Dab-doub identified the defendant as the man he apprehended.
The defendant’s only assignment of error argues the trial court erred by adjudicating him a multiple offender.
At the multiple offender hearing the State introduced a 1985 bill of information charging the defendant with simple burglary (No. 309-364) a waiver of constitutional rights, his plea of guilty form, the docket master and minute entry of August 27, 1985 when the defendant’s guilty plea was accepted. The defense objected that the documentation failed to show that the defendant had freely and voluntarily entered a guilty plea in No. 309-364. The trial court overruled the objection, admitted the documents, and found the defendant to be a second felony offender.
The defendant questions the use of the minute entry and guilty plea form when he objected at the hearing. He also argues the minute entry merely states “[t]he court interrogated each defendant as to their rights....” and falls short of establishing that he had been informed of his three Boykin rights.
The defendant further alleges that the waiver of rights form did not adequately inform him of his privilege against self-incrimination. The form states: “I further understand that I am waiving my privilege against self-incrimination and by pleading guilty I am in fact incriminating myself.” *1103 A three year suspended sentence and three years active probation with a special condition of 90 days at Orleans Parish Prison was agreed upon and written at the bottom of the form. The waiver was signed by the judge, defendant and his counsel.
A guilty plea is not valid unless it is an intelligent and voluntary choice. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
If the defendant objects to the vol-untariness or it being a knowing plea, the State must affirmatively show through a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of the consequences. State v. Bolton, 379 So.2d 722 (La.1979); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988).
Unless the defense objects to the use of a minute entry as incorrect, the use of minutes is appropriate to help establish a prima facie case of a knowing and voluntary waiver of Boykin rights as to a predicate offense. State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983).
While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.
State v. Halsell, 403 So.2d 688, 690 (La.1981). See also State v. Nuccio, 454 So.2d 93 (La.1984).
In State v. Tucker, 405 So.2d 506 (La.1981) the Supreme Court found there was a valid waiver at a multiple offender hearing as to a predicate offense when the State at the multiple offender hearing introduced only the minute entry and the defendant’s guilty plea form. In Tucker the minute entry only stated that the court questioned the defendant under oath regarding his guilty plea. In the guilty plea form the defendant admitted his guilt, acknowledged his potential sentence and indicated that he understood the trilogy of rights which he waived. The defendant initialed the form seven times and he, his attorney, and the judge signed the form. See also State v. Dunn, 390 So.2d 525 (La.1980); State v. James, 458 So.2d 501 (La.App. 4th Cir.1984).
Here the minute entry indicates the court interrogated the defendant as to his rights. The guilty plea form included all three Boykin rights which the defendant waived. The form states that he understood he was waiving his privilege against self-incrimination and he was incriminating himself by pleading guilty. That was sufficient. See State v. Yarbrough, 418 So.2d 503 (La.1982); State v. Johnson, 404 So.2d 239 (La.1981), cert. denied 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
The minute entry, docket master and guilty plea form constitute an affirmative showing that the defendant’s prior guilty plea was knowingly and voluntarily made. The State carried its burden of proof.
This assignment lacks merit.
We have reviewed the record for sufficiency of the evidence pursuant to State v. Raymo, 419 So.2d 858 (La.1982). Simple burglary is the unauthorized entry into any dwelling or other structure with the intent to commit a felony or any theft therein. La.R.S. 14:62. Specific intent to commit a felony or theft is required for attempted simple burglary. State v. Ricks, 428 So.2d 794 (La.1983). Specific criminal intent is the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. Because of its subjective nature, intent may be inferred from the circumstances. La.R.S. 14:10, R.S. 15:445; State v. Gaudin, 430 So.2d 768 (La.App. 5th Cir.1983).
We must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 *1104 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was positively identified by a witness who heard banging noises and saw him standing by the tool shed door. The defendant placed a large metal tool into a plastic garbage bag. A police officer spotted the defendant carrying the plastic bag with an object inside and he fled. The shed’s combination lock had been cut open and the defendant was found carrying a bolt cutter in a plastic bag. The defendant’s identification at the shed which had a cut lock and his subsequent flight, coupled with his possession of the bolt cutter, was sufficient to convict him of attempted simple burglary. See State v. Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986).
We have also reviewed the record for errors patent and there are none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.
KLEES, J., dissents.