|1LINDSAY, Judge.
The defendant, Samuel Jeffers, appeals from his sentence to 133 years-at hard labor, without benefit of parole, probation or suspension of sentence for the offense of armed robbery. We affirm.
FACTS
This case has previously been before this court on appeal. See State v. Jeffers, 623 So.2d 882 (La.App. 2d Cir.1993). Briefly stated, the evidence revealed that on October 10, 1991, a victim was robbed at gunpoint of several items of jewelry and a handgun. The victim identified the defendant as his assailant and picked the defendant out of a photographic lineup.
On October 14, 1991, another victim was robbed at gunpoint of his jewelry and clothing. This victim also identified the defendant as his assailant.
The defendant was charged with two counts of armed robbery and was tried by a jury. The jury convicted the defendant on both counts. Regarding count one, the defendant was adjudicated a third felony offender. The trial court imposed a sentence of 133 years on count one and 66 years on count two, with the sentences to be served consecutively. The defendant appealed his convictions and sentences.
In State v. Jeffers, supra, this court affirmed both convictions and affirmed the sentence of 66 years at hard labor on count two. However, as to count one, this court found that the defendant was improperly adjudicated and sentenced as a third felony offender. We found that the transcripts from two previous guilty pleas were improperly admitted into evidence at the defendant’s recidivist hearing because they had not been properly signed and |2certified by the court reporters who purportedly took the testimony. Accordingly, this court vacated the sentence of 133 years on the first count of armed robbery and remanded the case for further proceedings. .
On October 4, 1993, the defendant appeared before the court for a “continuation” of the recidivist hearing and for resentenc-ing. The state called as a witness Jerry R. Mullins, a court reporter for the First Judicial District Court, who testified that he transcribed the proceedings in the defendant’s two prior felony guilty pleas. Mr. Mullins signed the certification on the transcripts in open court and the transcripts were admitted into evidence. The court then ruled that, based upon the evidence presented, the defendant was a third felony offender. The court then imposed sentence.
In sentencing the defendant, the court stated as follows:
The court previously sentenced the defendant on October 9, 1992. There was a very extensive transcript of that sentencing. I do not intend to go back through the entire sentencing in this matter. I have reviewed it. I have not changed my mind not one bit.
I will note that there is a presentence investigation previously filed in the record and a sentencing guidelines report. I am going to refile a copy of the transcript and note the same reasons that I have then still stand today.
I sentence him to one hundred thirty-three years at hard labor without probation, parole or suspension of sentence. That is to run consecutive to the sixty-six *240 years at hard labor without probation, parole or suspension of sentence that I gave in count two.
I order that the two sentences run consecutive, for a total of one hundred ninety-nine years. I note his objection for the record.
At the prior sentencing, ■ the court noted that a presentence investigation and a Sentencing Guidelines report had been prepared. The court stated that |3the defendant fell into grid cell 1-A on both offenses. The court also noted that the Sentencing Guidelines are advisory, not mandatory, and the court is not bound to follow the Guidelines if the case is not typical. The court stated that it did not consider the circumstances of this case to be “typical.”
The court noted that the defendant had an extensive criminal record dating back to 1985 and that the defendant had previously been on probation and parole. The defendant’s criminal record included numerous violent crimes including simple battery, simple robbery and aggravated battery. The aggravated battery conviction involved hitting a person with a piece of concrete while the defendant was in Caddo Detention Center. The court stated that the defendant exhibited a total lack of respect for authority, for the system and for society. The court noted that an attempted escape charge and an escape charge were then pending against the defendant. The record reflects that the defendant attempted to escape from authorities prior to trial in this case.
The court noted that the defendant’s poor behavior during trial required that he be chained to his chair and that the trial court almost ordered that the defendant be gagged. The court also stated that a new attorney had to be appointed prior to trial because the defendant spit on former counsel when counsel attempted to discuss a plea agreement with the defendant.
Regarding the present offense, the court found that the victim was small and frail and in no way provoked the defendant to commit the crime against him. However, the court did consider, as a mitigating factor, that the victim was not physically injured.
|4Based upon these factors, the court found that the defendant and this offense were atypical. Therefore the court departed from the Sentencing Guidelines, and, under LSA-R.S. 15:529.1, the Habitual Offender Law, the defendant was ordered to serve 133 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant filed a motion to reconsider sentence on October 27, 1993. The original record did not contain a ruling on the motion to reconsider. Further, the transcript of the resentencing hearing revealed that the defendant was not informed of the prescriptive period for post conviction relief in accordance with LSA-C.Cr.P. Art. 930.8(C). On March 10, 1994, this court conditionally dismissed and remanded this appeal with instructions for the trial court to (1) supplement the record if it had already ruled on the motion for reconsideration; (2) rule on the motion if it had not done so; (3) advise the appellant of the three year prescriptive period for filing a post conviction relief application; and (4) provide the appellant written notice of the prescriptive period if it had ruled on the motion to reconsider.
On March 18, 1994, an order was issued by the trial court stating that it had “inadvertently omitted its written ruling” on the defendant’s motion to reconsider his sentence. The motion to reconsider was denied.[1] Further, the trial court informed the defendant of the three year prescriptive period for applying for post conviction relief.
|5On June 9, 1994, the defendant, without the assistance of counsel, filed motions to relieve counsel and dismiss the appeal so that he could raise claims on post conviction relief. On July 7,1994, this court denied those motions because they were unsigned by the defendant, contained no certificate, and made no showing of any attempt to serve the state of Louisiana or the attorney the defendant sought to relieve. The case now comes be *241 fore this court for appeal of the resentencing of October 4, 1993.
ARGUMENTS REGARDING SENTENCE
Departure from Sentencing Guidelines
At the October 4, 1993 hearing, the defendant was adjudicated a third felony offender. The evidentiary deficiencies noted by this court in the previous appeal were cured. The defendant has not attacked his adjudication as a third felony offender in the present appeal. This appeal relates to the defendant’s sentence pursuant to the habitual offender law, LSA-R.S. 15:529.1.
The defendant makes numerous arguments regarding the trial court’s departure from the Sentencing Guidelines grid (grid cell 1-A). The defendant argues that the trial court, in arriving at its sentencing decision, erred in departing from the Guidelines grid and in not giving adequate consideration to the aggravating and mitigating circumstances which were present in this case.
Although the defendant contends the trial court improperly departed from the appropriate Guidelines grid, we note that utilization of the grid may be inapplicable when an offender has been adjudicated a recidivist under the multiple offender statute. La.S.G. § 309 provides:
|6A. The Guidelines increase the designated sentence range for an offender on the basis of the offender’s prior criminal convictions, custody status, and the “crime family” of the current and prior convictions. In those cases in which the district attorney determines that the offender’s pattern of past criminal conduct has been significantly more extensive than the typical offender with the same criminal history index, the District Attorney may institute proceedings under R.S. 15:529.1, the Habitual Offender Law.
B. Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
As stated in the Sentencing Guidelines, upon being adjudicated an habitual offender, the defendant was to be sentenced under LSA-R.S. 15:529.1 and La.S.G. § 309, not pursuant to the applicable Sentencing Guidelines grid. Therefore, the defendant’s arguments regarding departure from the grid are without merit.
The Sentencing Guidelines provide, as noted above, that when an offender has been found to be a recidivist, and the mandatory minimum sentence under the habitual offender law exceeds the defendant’s applicable grid range, the trial court should impose the minimum sentence provided by the statute unless the trial court finds that aggravating circumstances justify a more severe sentence. Under the Habitual Offender Law, the minimum sentence for a third felony offender convicted of armed robbery is 66 years at hard labor, without benefit of parole, probation or suspension of sentence. In the instant case, the trial court found that several aggravating circumstances were present in this case, justifying an upward departure from the minimum |7habitual offender sentence recommended by the Guidelines. See La.S.G. § 209(B)(7), (12), (22).
The record shows that after his arrest, the defendant contacted the victim and offered him an inducement to contact the authorities and tell them that the defendant was not the individual who robbed him.[2] This conduct does not constitute the use of violence, force or threats to influence the institution, conduct or outcome of the criminal proceeding. La.S.G. § 209(B)(7). Nevertheless, the defendant did make veiled attempts at bribery in seeking to cause the victim to recant his testimony, another aggravating circumstance appropriately considered by the trial court. La.S.G. § 209(B)(22).
*242 Also, as stated previously, the defendant committed another armed robbery within a few days of the present offense. That conviction was not considered as criminal history or as part of the multiple offender adjudication. La.S.G. § 209(B)(12).
Finally, the defendant constantly endeavored to disrupt his criminal prosecution by attempting to escape, actually escaping from custody briefly and engaging in such obstreperous behavior during the course of the trial that he had to be handcuffed and strapped to his chair. La.S.G. § 209(B)(22).
In light of these aggravating circumstances, coupled with the defendant’s long history of criminal activity as reflected by his PSI, the trial court correctly departed from the minimum sentence suggested by the | |8Sentencing Guidelines and imposed a sentence which was not unconstitutionally excessive, as discussed hereafter (see discussion under “Excessive Sentence,” infra).
The defendant further argues that, because he was found to be an habitual offender, which allows a higher range of sentence, he is receiving double punishment when the prior felonies are also used as reasons for the higher sentence. This argument has no merit.
In State v. Dorthey, 623 So.2d 1276 (La. 1993), the Louisiana Supreme Court held that under Louisiana’s Habitual Offender Law, a bill of information charging the defendant as a recidivist does not charge a new crime but merely advises the trial court of the circumstances of the defendant’s past criminal record and seeks enhanced punishment following the most recent conviction. Double jeopardy does not apply.[3] See also State v. Hayes, 412 So.2d 1323 (La.1982).
For the reasons stated above, we find that the trial court acted properly in sentencing the defendant under the Habitual Offender Law. Therefore the defendant’s arguments regarding double jeopardy and the application of the Sentencing Guidelines grid are without merit.
|9Excessive Sentence
The defendant argues that the sentence imposed, 133 years at hard labor, without benefit of parole, probation or suspension of sentence, is unconstitutionally excessive. This argument is meritless.
After finding that the defendant was a third felony offender, the trial court relied upon the provisions in LSA-R.S. 15:529.1(A)(2)(a) in imposing sentence. That statute provides:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds for the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction... .[4]
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing-more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, *243 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the erime and |10punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
The sentence imposed upon this defendant was approximately mid-range between the minimum and the maximum sentence that could be imposed under the Habitual Offender Law. As a mitigating factor, the trial court considered that no one was injured during the course of this armed robbery.[5] However, as discussed above, the court also enumerated numerous aggravating circumstances. The court noted that the victim was small and frail and in no way provoked the defendant to commit this offense. The court also stated that the defendant had an extensive criminal record dating back to 1985 and that many of the defendant’s convictions involved violent crimes against persons. The court also noted the defendant’s poor behavior and attitude during trial. The defendant caused such a severe disturbance in court that he had to be handcuffed and strapped to his chair. The trial judge attempted to camouflage the defendant’s bonds with a blanket, but the |11defendant threw the blanket off in order for the jury to observe his bonds. The defendant barked like a dog during the trial and almost caused the trial court to order that he be gagged. Further, the defendant wrote a letter to the victim in this case seeking to induce the victim to recant his testimony. Also, prior to trial, the defendant was taken to LSU Medical Center for medical treatment and while there attempted to escape from custody. On the day of trial, the defendant did actually escape briefly.
The defendant has shown that prior attempts at leniency have not been successful and there is a significant likelihood that if not incarcerated for a substantial period of time he will continue to commit other offenses. Further, this sentence is commensurate with the seriousness of the offense. Under these circumstances, we find that the sentence imposed by the trial court is not unconstitutionally excessive, does not shock our sense of justice and is tailored to both the offender and the offense.
We also note that this sentence is not excessive in light of other sentences imposed upon habitual offenders convicted of armed robbery. See and compare State v. Gordon, 582 So.2d 285 (La.App. 1st Cir.1991) and State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989), writ denied 558 So.2d 599 (La. 1990), imposing sentences of 198 years at hard labor without benefit of parole, probation or suspension of sentence for armed robbery convictions on second felony offenders.
The sentence imposed upon the defendant was ordered to be served consecutive to the sentence imposed for the other armed robbery offense originally prosecuted in the same bill of information. Under LSA-C.Cr.P. |12Art. 883, for the reasons stated above, the trial court acted within and did not exceed its discretion in ordering that the sentences be served consecutively.
Therefore, the sentence imposed is affirmed.[6]
CONCLUSION
For the reasons outlined above, we affirm the defendant’s adjudication as a third felony offender and his sentence to 133 years at *244 hard labor without benefit of parole, probation or suspension of sentence, to be served consecutively with any other sentence. The defendant is granted credit for time served prior to the imposition of this sentence.
AFFIRMED.

. The defendant assigned as error the trial court's failure to rule on his motion to reconsider the sentence. However, because the trial court did rule on the motion, denying it, this argument is moot.

. The letter written by the defendant to the victim indicates that the victim would receive something of value in return for recanting his statement.

. We note that State v. Norell, 614 So.2d 755 (La.App. 2d Cir.1993), relied upon by the defendant, is distinguishable from this case. Norell found it improper to consider prior criminal history as a reason to depart from the Sentencing Guidelines grid. Norell does not address issues of sentencing under the Habitual Offender Law.

. In light of the defendant's criminal record, we note that he might have been sentenced under LSA-R.S. 15:529.1(A)(2)(b) to life imprisonment, without benefit of parole, probation or suspension of sentence. However, neither the defendant nor the state has raised the issue of whether the defendant was sentenced under the wrong statute. Therefore, this issue is not properly before this court for review.

. The defendant argued that the trial court erred in failing to consider as a mitigating factor that he was acting under a mental or emotional disturbance at the time this offense was committed. However, the record shows that both psychiatrists who testified at trial stated that the defendant was a malingerer and had no mental defects.

. Although the minute entry for the resentencing hearing reflects that the defendant is to be given credit for time served, the trial court did not actually state this for the record. Under LSA-C.Cr.P. Art 880, the defendant is entitled to credit for time served.